UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID MILLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 2:16-cr-00165-DBH-1 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 121.)  Following a guilty plea, Petitioner was convicted of transporting a minor with intent to engage in criminal sexual activity; the Court sentenced Petitioner to 327 months in prison.  (Judgment, ECF No. 101.)  The First Circuit affirmed without deciding Petitioner's ineffective assistance of counsel claim.  *United States v. Miller*, 911 F.3d 638 (1st Cir. 2018).

Petitioner claims he was deprived of effective assistance of counsel because his attorney failed to argue that legislative extensions of the statute of limitations, which occurred after Petitioner's criminal conduct, did not apply to his case and thus the case should have been dismissed. (Motion at 5.) The Government maintains that the new limitations period applied to Petitioner's conduct and, therefore, asks the Court to deny the motion. (Response, ECF No. 132.)

Following a review of the record and after consideration of Petitioner's motion and the Government's opposition, I recommend the Court deny Petitioner's motion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The default statute of limitations for non-capital federal offenses provides that "no person shall be prosecuted, tried, or punished . . . unless the indictment is found or the information is instituted within five years" of the commission of the offense. 18 U.S.C. § 3282(a). In 1990, Congress provided that "[n]o statute of limitation that would otherwise preclude prosecution for an offense involving the sexual or physical abuse of a child under the age of 18 years shall preclude such prosecution before the child reaches the age of 25 years." Pub. L. No. 101-647 § 225, 104 Stat 4789, 4805 (1990); 18 U.S.C. § 3509(k) (1991). In 1994, Congress relocated that provision to 18 U.S.C. § 3283. Pub. L. No. 103-322 § 330018, 108 Stat 1796, 2149 (1994).

In 2003, Congress extended the statute of limitations to "the life of the child." Pub. L. No. 108-21 § 202, 117 Stat 650, 660 (2003); 18 U.S.C. § 3283 (2004). In January 2006, Congress extended the limitations period to "the life of the child, or for ten years after the offense, whichever is longer." Pub. L. No. 109-162 § 1182, 119 Stat 2960, 3126 (2006); 18 U.S.C. § 3283 (2006). In July 2006, Congress enacted a separate provision addressing a certain subset of offenses which includes transportation of a minor for sexual purposes; under the provision, "an indictment may be found or an information instituted at any time without limitation . . . ." 18 U.S.C. § 3299.

In October 2016, Petitioner was charged with two counts of transporting a minor in interstate commerce in June and July 1995 with the intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). (Complaint, ECF No. 1; Indictment, ECF No. 14.) The victim was thirteen years old. *Miller*, 911 F.3d at 640. Petitioner pled guilty to

one of the counts in June 2017.  (Change of Plea Hearing, ECF No. 68.)  In October 2017, the Court sentenced Petitioner to 327 months in prison.  (Judgment, ECF No. 101.)

On appeal, Petitioner argued that his counsel provided ineffective assistance when he did not assert a statute of limitations defense.  *Miller*, 911 F.3d at 640.  Under the law in effect at the time of the offense, the limitations period would have expired in 2007 (i.e., when the victim turned 25 years-old).  In December 2018, the First Circuit affirmed without prejudice to Petitioner's ability to assert the ineffective assistance claim in a § 2255 action.  *Id.* at 640–41.

## DISCUSSION

**A.     Legal Standards**

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

*"[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief.  *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978).  When "a petition for federal habeas relief is presented to the judge

who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127-28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte*." *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong

4

will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A court can reasonably require a petitioner to supply the court

5

with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

**B.     Ineffective Assistance**

Petitioner argues his counsel provided ineffective assistance because he failed to seek dismissal of the charges based on the statute of limitations. Petitioner contends that because the limitations period was extended after his criminal conduct, application of the new limitations period to him would violate the ex post facto clause and thus the new limitations period should not be applied retroactively.

As a general matter, "[r]etroactivity is not favored in the law." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). The most prominent manifestation of that disfavored status is found in the constitutional prohibition on ex post facto laws, U.S. Const. Art. I § 9, cl. 3, § 10, cl. 1, which the Framers intended as a check on "arbitrary and potentially vindictive legislation," and was meant "to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." *Weaver v. Graham*, 450 U.S. 24, 28–29 (1981). In *Calder v. Bull*, 3 U.S. 386 (1798), Justice Chase summarized the types of prohibited ex post facto laws:

> 1st. Every law that makes an action, done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2nd. Every law that aggravates a crime, or makes it greater than it was, when committed. 3rd. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender.

*Id.* at 390–91; s*ee also Carmell v. Texas*, 529 U.S. 513, 521–25 (2000).

While there is a presumption against the retroactive application of statutes, "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. Sch. Bd. of City of Richmond*, 416 U.S. 696, 711 (1974).  The Supreme Court has acknowledged that there is an "apparent tension" between the two principles, *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 837 (1990), and has provided some guidance on how to resolve the tension.

"When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach.  If Congress has done so, of course, there is no need to resort to judicial default rules." *Landgraf v. USI Film Prod.*, 511 U.S. 244, 280 (1994).  "[T]he benchmark for finding unambiguous temporal scope is quite high." *Arevalo v. Ashcroft*, 344 F.3d 1, 11 (1st Cir. 2003).  "This is subject, of course, to constitutional constraints . . . ." *Gutierrez-Castillo v. Holder*, 568 F.3d 256, 261 n.4 (1st Cir. 2009); *Landgraf*, 511 U.S. at 267 ("Absent a violation of one of [the Constitution's] specific provisions, the potential unfairness of retroactive civil legislation is not a sufficient reason for a court to fail to give a statute its intended scope").

"When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect . . . ." *Landgraf*, 511 U.S. at 280.  Determining whether there is an impermissible "retroactive effect" in this context is "not always a simple or mechanical task" because "[a] statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the

7

statute's enactment, or upsets expectations based in prior law." *Id.* at 268–69 (internal citations omitted). "Even absent specific legislative authorization, application of new statutes passed after the events in suit is unquestionably proper in many situations." *Id.* at 273. The Supreme Court has "regularly applied intervening statutes conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed," and "[c]hanges in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity" because there are "diminished reliance interests in matters of procedure." *Id.* at 274–75.

To determine whether a case represents a "truly 'retrospective' application of a statute," the court asks "whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* at 280. If an application of a statute operates retroactively in that sense, "[the] traditional presumption [against retroactivity] teaches that it does not govern absent clear congressional intent favoring such a result." *Id.*

Under *Landgraf*'s first step, Congress did not include any express language specifying the intended temporal scope of the amendments. The 2003 and 2006 amendments to § 3283 specify that they apply over another "statute of limitations that would otherwise preclude prosecution," and the 2006 enactment of § 3299 contains the common phrase "[n]otwithstanding any other law." While the language could be construed to support retroactivity, the language arguably suggests that as to cases to which several limitations periods might apply, the new statutes would apply. In other words, "both phrases specify only the statutes' 'substantive reach,' and not the requisite 'temporal

8

reach.'" *United States v. Nader*, No. 1:19-CR-201 (LMB), 2019 WL 6337417, at *4 (E.D. Va. Nov. 26, 2019).

As to *Landgraf*'s second step, the extension of a limitations period that has not yet elapsed would not appear to impair the rights a party had when that party acted, increase a party's liability for past conduct, or impose new duties with respect to prior transactions. First, a statute of limitations does not confer a substantive right to a certain time period of potential liability. In addition, an increase in the time in which a charge could be brought does not increase a party's potential liability (i.e., the penalty) for the alleged conduct. Similarly, the extension does not impose additional duties on prior transactions. At most, the extension of an active limitations period might alter a party's expectation that the party might avoid the consequences at a future date, but "[i]nchoate plans to act in the future, even when made in anticipation of the legal consequences of those future actions, do not convey the type of settled expectation that retroactivity analysis seeks to protect." *See Lattab v. Ashcroft*, 384 F.3d 8, 16 (1st Cir. 2004).

Furthermore, the law distinguishes between statutes that extend a limitations period that has not expired and statutes that resurrect liability after a limitations period has elapsed. In the criminal context, "a law enacted after expiration of a previously applicable limitations period violates the *Ex Post Facto* Clause when it is applied to revive a previously time-barred prosecution," *Stogner v. California*, 539 U.S. 607, 632–33 (2003), there is consensus among circuit courts that laws extending unexpired criminal limitations periods do not offend the ex post facto prohibition. *See Cruz v. Maypa*, 773 F.3d 138, 145

(4th Cir. 2014); *United States v. Grimes*, 142 F.3d 1342, 1351 (11th Cir. 1998) (citing cases from the Second, Third, Fifth, Sixth, Seventh, Eighth, and Ninth Circuits).[1]

In the civil context, the weight of authority teaches that the same distinction applies to the second step of the *Landgraf* analysis. *See Cruz v. Maypa*, 773 F.3d 138, 145 (4th Cir. 2014) ("Such an extension does not introduce new legal consequences, but rather merely prolongs the time during which legal consequences can occur"); *Steven I. v. Cent. Bucks Sch. Dist.*, 618 F.3d 411, 414 n.7 (3d Cir. 2010) ("Statutes of limitations regulate secondary conduct, [i].e., the filing of a suit, not primary conduct, [i].e., the actions that

---

[1] The *Stogner* Court suggested in dicta that the resurrection of previously time-barred criminal liability might also fit within Justice Chase's fourth category:

> to resurrect a prosecution after the relevant statute of limitations has expired is to eliminate a currently existing conclusive presumption forbidding prosecution, and thereby to permit conviction on a quantum of evidence where that quantum, at the time the new law is enacted, would have been legally insufficient. And, in that sense, the new law would violate previous evidence-related legal rules by authorizing the courts to receive evidence which the courts of justice would not previously have admitted as sufficient proof of a crime.

*Stogner*, 539 U.S. at 615–16 (internal quotations and modifications omitted). Petitioner cites the quantum of evidence-related dicta to argue that it applies with equal force regardless of whether liability was previously time-barred.

In context, however, it is doubtful that statute of limitations extensions, at least as applied to limitations periods which had not yet elapsed, fit within the fourth category. The Supreme Court also found guidance in another portion of the opinion of Justice Chase describing the origins of his categories as follows:

> Sometimes [ex post facto laws] respected the crime, by declaring acts to be treason, which were not treason, when committed; at other times, they violated the rules of evidence (to supply a deficiency of legal proof) by admitting one witness, when the existing law required two; by receiving evidence without oath; or the oath of the wife against the husband; or other testimony, which the courts of justice would not admit; at other times they inflicted punishments, where the party was not, by law, liable to any punishment; and in other cases, they inflicted greater punishment, than the law annexed to the offence.

*Carmell*, 529 U.S. at 522 n.9 (quoting *Calder*, 3 U.S. at 389); *Stogner*, 539 U.S. at 612 (same). There is a tenuous connection at best between the types of laws in category four, like permitting conviction based on one eyewitness rather than two, and laws extending still-live limitations periods.

gave rise to the suit. Thus, the fact that a new statute of limitations was enacted after the primary conduct . . . does not make application of the new statute of limitations unfair from a 'retroactivity' standpoint"); *Lama v. Malik*, 192 F. Supp. 3d 313, 321–23 (E.D.N.Y. 2016) (collecting district court cases).

At least one court has declined to apply a new statute of limitations in a criminal case involving conduct predating the new statute's enactment even when the prior limitations periods had not yet elapsed, *United States v. Gentile*, 235 F. Supp. 3d 649, 654–56 (D.N.J. 2017), but in this specific criminal context, most courts that have considered the issue have found no impermissible retrospective effect and applied the new limitations periods. *United States v. Sure Chief*, 438 F.3d 920, 924–25 (9th Cir. 2006); *United States v. Jeffries*, 405 F.3d 682, 684–85 (8th Cir. 2005); *United States v. Nader*, 425 F. Supp. 3d 619, 627-631 (E.D. Va. 2019); *United States v. Vickers*, No. 13-CR-128-A, 2014 WL 1838255, at *7–11 (W.D.N.Y. May 8, 2014); *United States v. Shepard*, No. 4:10 CR 415, 2011 WL 3648065, at *2 (N.D. Ohio Aug. 18, 2011).[2]

Because the statutory amendments extended the limitations period before it had elapsed in Petitioner's case, application of the new statutes did not have an impermissibly retrospective effect that would trigger the presumption against retroactivity, and

---

[2] The First Circuit identified an issue regarding this view, when it noted that criminal limitation statutes are to be liberally interpreted in favor of repose. *United States v. Miller*, 911 F.3d 638, 645 (1st Cir. 2018) (discussing *Toussie v. United States*, 397 U.S. 112, 115 (1970)). Subsequently, another district court, while acknowledging the issue raised by the First Circuit, noted that the principle enunciated in *Toussie* and discussed in *Gentile* predated *Landgraf*, and found no meaningful distinction between the impermissible effects triggering the presumption against retroactivity in the civil context under *Landgraf* step two and the prohibitions in the criminal context of the Ex Post Facto Clauses. *See Nader*, 425 F.Supp.3d at 630-31. The *Nader* Court's reasoning is persuasive, and without direct guidance from the First Circuit, there is no reason for the Court to depart from the clear weight of authority on this issue.

prosecution was not barred by the statute of limitations. Accordingly, Petitioner's counsel was not obligated to present an argument upon which Petitioner would not prevail, and Petitioner was not prejudiced by his counsel's decision.[3] *See Tse*, 290 F.3d at 465.

In sum, Petitioner is not entitled to relief on his ineffective assistance claim.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing

---

[3] Even if the First Circuit ultimately determines that the § 3283 and § 3299 extensions of the statute of limitations should not be applied to conduct that predates their enactment—even when the prior period of limitations had not yet elapsed—defense counsel arguably did not perform deficiently by failing to predict that outcome. *See Weingarten v. United States*, 865 F.3d 48, 58 (2d Cir. 2017) ("given the lack of controlling authority on this difficult issue, [Petitioner's] retroactivity argument was not so obvious that it was objectively unreasonable for his trial counsel to forgo it in favor of others"). While eschewing an argument that is "a clear winner" when "presenting it would have risked nothing" constitutes deficient performance, *Prou v. United States*, 199 F.3d 37, 48 (1st Cir. 1999), the argument was not a "clear winner" given that nearly all the judicial opinions at the time suggested the argument was unpersuasive. *See also*, *Powell v. United States*, 430 F.3d 490, 491 (1st Cir. 2005) ("[T]he state of the law at the time . . . gave scant indication that such an objection was likely to succeed . . . Advocating changes in recent precedent may occasionally be required of competent counsel, but it would take unusual circumstances"); *Allen v. United States*, 829 F.3d 965, 966 (8th Cir. 2016) ("[C]ounsel's failure to argue for an extension of the law . . . did not constitute ineffective assistance of counsel"); *United States v. Challoner*, 583 F.3d 745, 750 (10th Cir. 2009) ("[T]he omission of a 'dead-bang winner' by counsel is deficient performance" but counsel is not deficient for declining to argue for "a non-obvious extension of currently existing law").

The record contains evidence that defense counsel investigated the statute of limitations issue but determined that the argument was unlikely to succeed. (ECF No. 133 at 3–10) (discussing in a letter the decision in *United States v. Vickers*, which determined that the indictment was timely under the new statute of limitations because "the applicable limitations period had not lapsed at the time of the enactment of the [extension]," 2014 WL 1838255, at *9). Defense counsel was evidently concerned about taking any action that might undermine efforts at sentencing leniency, telling Petitioner that "it is imperative that we make a compelling sentencing presentation." (*Id.* at 4.) Although the strategy ultimately proved unsuccessful, the strategy was arguably not unreasonable given the weight of authority weighing against a statute of limitations defense. *See United States v. Ortiz Oliveras*, 717 F.2d 1, 3 (1st Cir. 1983) (reasonable "tactical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance").

Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of January, 2021.